## May v. Allison, Appellant.

*Negligence—Automobiles—Negligent driving.*

In an action to recover damages for personal injuries sustained from collision with an automobile, a verdict and judgment for plaintiff will be sustained where it appears that at the time of the accident plaintiff was standing on the edge of a pavement with one foot on the curb, in the act of stepping upon the roadway, when the driver of an automobile, either through reckless mismanagement or through inexperience, drove his machine upon the curb and struck and injured the plaintiff.

Argued Oct. 25, 1905. Appeal, No. 80, Oct. T., 1905, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1904, No. 3, on verdict for plaintiff in case of Joseph May v. W. M. Allison. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SAVIDGE, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $275. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Charles C. Lark*, with him *Fred. B. Moser*, for appellant.

*Charles M. Clement* and *William W. Ryon*, for appellee.

OPINION BY ORLADY, J., January 13, 1906:

The disputed facts in this case were properly referred to the jury under instructions which fairly and fully defined the rights and liabilities of the parties. That tribunal adopted the testimony of the plaintiff as the true version of the accident, and there is ample evidence in this record to justify the verdict. The plaintiff was fully corroborated by several disinterested witnesses, and upon no known rule of law would the court have been justified in directing a verdict for the defendant. The injuries were received, as determined by the jury,

while the plaintiff was yet upon the pavement, with one foot on the curb, and in the act of stepping upon the roadway, and were caused by the defendant's reckless mismanagement of his automobile on the public street and highway, which was propelled with such disregard for the safety of others, or to put it in a more favorable light, so operated by an inexperienced driver that it was driven or forced upon the curb where the plaintiff was standing.

The record is free from any reversible error, and the judgment is affirmed.